Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000678
21-JAN-2020
08:55 AM

NO. CAAP-16-0000678

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ARIEL RAPOZA,
Plaintiff-Appellant,
v.
CLINTON SOARES and LAURA SOARES,
Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, AND DOE ENTITIES 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0560)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Wadsworth, JJ.)

Plaintiff-Appellant Ariel Rapoza (Rapoza), appeals from the December 27, 2016 Final Judgment in favor of Defendants-Appellees Clinton Soares and Laura Soares (the Soareses), filed in the Circuit Court of the First Circuit (circuit court).[1] The Final Judgment was entered pursuant to the "Order Granting Defendants' Motion to Dismiss Complaint With Prejudice, Filed May 10, 2016" (Order Granting MTD) filed on September 27, 2016.

On March 27, 2015, Rapoza filed a complaint alleging a civil action for fraud against the Soareses. The Soareses

---

[1] The Honorable Jeannette H. Castagnetti presided.

separately filed answers to the complaint in July 2015. On September 4, 2015, the Soareses filed a "Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss Complaint with Prejudice" (MJP). On December 2, 2015, the circuit court held a hearing on the MJP. The circuit court orally granted the MJP without prejudice, citing Rapoza's failure to plead fraud with particularity, in violation of Hawaiʻi Rules of Civil Procedure (HRCP) Rule 9(b),[2] and granted Rapoza leave to file an amended complaint within thirty days of the entry of the written order to cure the deficiencies identified by the court.[3] On March 4, 2016, the circuit court entered its written order granting the MJP. Rapoza did not file an amended complaint within thirty days of the written order and the record is devoid of an attempt by Rapoza to seek an extension of the court-imposed deadline.

On May 10, 2016, the Soareses filed a Motion to Dismiss Complaint with Prejudice (MTD), noting Rapoza's failure to file an amended complaint within the time specified by the circuit

---

[2] HRCP Rule 9(b) (2000) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

[3] In granting Rapoza leave to file an amended complaint to properly plead her fraud allegation with particularity, the circuit court instructed Rapoza to

specify[] the identity of the person who made the false representation, the time of the false representation, the place of the false representation, the content of the false representation (what was said and/or written), the method by which the false representation was communicated, the person or entity to whom the false representation was communicated, and the injury resulting from any alleged reliance on the false representation. If the Plaintiff shall claim that both Defendants made false representations, she shall separately specify what false representation each Defendant made, the time that each false representation was made, the place of each false representation, the content of each false representation (what was said and/or written), the method by which each false representation was communicated, the person or entity to whom the false representation was made, and each Defendants' specific role in the fraud, in order that each Defendant may be placed on proper notice of how they are being claimed to have specifically participated in any fraud.

court.  In an untimely filed[4] memorandum in opposition to the MTD, Rapoza conceded that she did not file an amended complaint within the time period provided by the court.  However, Rapoza sought leave to file an amended complaint that she attached as an exhibit to her memorandum in opposition.  Rapoza asserted that this matter "is one that has caused [her] considerable concern" because "it involves family members and continuing with the lawsuit by filing the amended complaint was a difficult decision for her which she only made after lengthy consideration."  After a hearing at which the circuit court orally granted the MTD, the circuit court entered its written Order Granting MTD on September 27, 2016.

On appeal, Rapoza argues that the circuit court erred in dismissing this action with prejudice and failing to consider the amended complaint attached as an exhibit to Rapoza's memorandum in opposition to the MTD.  Rapoza argues that the circuit court should not have dismissed this action with prejudice because her amended complaint complied with the circuit court's instruction to plead her fraud claim with particularity.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Rapoza's appeal as follows and vacate and remand.

The circuit court did not expressly note the authority pursuant to which it dismissed the action with prejudice. However, it appears the circuit court relied on HRCP Rule 41(b)(1) in dismissing the action with prejudice upon the Soareses' motion, based on Rapoza's failure to comply with the circuit court's instruction to file an amended complaint in its

---

[4]     Rapoza's memorandum in opposition to the MTD was filed on July 20, 2016, and the hearing on the MTD was held on July 27, 2016.  Rapoza's memorandum in opposition was untimely under the Rules of the Circuit Courts of the State of Hawaiʻi (RCCH) Rule 7(b), which requires a memorandum in opposition to a motion to be "served and filed not less than 8 days before the date set for the hearing."

previous order granting the MJP. See HRCP Rule 41(b)(1) (2012) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against it."). Indeed, in their answering brief, the Soareses assert that "[t]he circuit court did not expressly state a specific rule under which it dismissed the Complaint with prejudice, but the applicable rule is HRCP Rule 41(b)(1)."[5]

"The review of a dismissal under HRCP Rule 41(b) is for abuse of discretion, and absent deliberate delay, contumacious conduct or actual prejudice, an order of dismissal cannot be affirmed." In re Blaisdell, 125 Hawai'i 44, 48, 252 P.3d 63, 67 (2011) (citations and original brackets omitted). "[T]he sanction of dismissal of a complaint with prejudice is one of last resort where lesser sanctions would not serve the interest of justice." Id. at 49, 252 P.3d at 68 (citing Shasteen, Inc. v. Hilton Hawaiian Village Joint Venture, 79 Hawai'i 103, 107, 899 P.2d 386, 390 (1995)). "[A]bsent a clear record of delay or contumacious conduct, 'the careful exercise of judicial discretion requires that a [trial] court consider less severe sanctions [than dismissal with prejudice] and explain, where not obvious, their inadequacy for promoting the interests of justice.'" Id. (emphasis in original) (quoting Schilling v. Walworth Cty. Park & Planning Comm'n, 805 F.2d 272, 275 (7th Cir. 1986)). "'Contumacious conduct' has been defined by this court as '[w]illfully stubborn and disobedient conduct.'" Id. at 50, 252 P.3d at 69 (quoting Shasteen, 79 Hawai'i at 107 n.7, 899 P.2d at 391 n.7).

Although it is undisputed that Rapoza failed to file an amended complaint by the deadline imposed by the circuit court, we do not find anything in the record indicating that Rapoza or

---

[5] We further note that, although the circuit court's Order Granting MTD alternatively ruled that Rapoza's amended complaint continued to suffer the same infirmity as the original complaint under HRCP Rule 9, the Soareses do not argue this as a basis to affirm on appeal. We decline to address this issue.

her counsel <u>deliberately</u> delayed the prosecution of this case, nor do we find any conduct on their part rising to the level of being contumacious. We recognize that Rapoza and her counsel were less than diligent in meeting the deadline to file the amended complaint, and in filing Rapoza's opposition to the MTD one day late, but we must also recognize the high bar set for a dismissal with prejudice. Further, the record is also devoid of any actual prejudice suffered by the Soareses in this matter. The circuit court did not make specific findings as to deliberate delay, contumacious conduct, or prejudice to the Soareses, nor did it provide express considerations of less severe sanctions. Under these circumstances, and after weighing the policy of having cases decided on their merits with that of the court's power to prevent delays, <u>see</u> <u>Shasteen</u>, 79 Hawai'i at 107, 899 P.2d at 390, we conclude that the circuit court abused its discretion in dismissing this case with prejudice. Our ruling is without prejudice to the circuit court on remand considering less severe sanctions.

Based on the foregoing, we vacate the December 27, 2016 Final Judgment and the September 27, 2016 Order Granting MTD, filed in the Circuit Court of the First Circuit. We remand this case for further proceedings.

DATED: Honolulu, Hawai'i, January 21, 2020.

On the briefs:

Arnold T. Phillips, II,
for Plaintiff-Appellant.

James A. Kawachika,
and John Winnicki,
(Deeley King Pang & Van Etten)
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

5